Brent E. Pelton, Esq.
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone)(212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEVIN THOMPSON,

                Plaintiff,

v.

TREADSTONE 77 INC., CRAIG
LOWELL and JERRY HAUSER,

                Jointly and Severally,

                Defendants
------------------------------------------------------------x



08 CV 0318
ECF
2007 Civ. _____

COMPLAINT



Demand for Jury Trial

Plaintiff KEVIN THOMPSON (the "Plaintiff" or "Thompson"), by his attorneys PELTON SERPE LLP, complaining of defendants TREADSTONE 77 INC. ("Treadstone") CRAIG LOWELL ("Lowell") and JERRY HAUSER ("HAUSER" and, together with Treadstone and Lowell, the "Defendants"), respectfully allege as follows:

### Introduction

1.    This is a civil action for statutory and actual damages brought by Thompson arising out of Defendants' intentional and malicious course of conduct to collect a consumer debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692, *et seq.* (the "Fair Debt Collection Practices Act" or the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; negligence; gross negligence; recklessness; intentional infliction of emotional distress; negligent infliction of emotional distress; and

intrusion upon seclusion. Defendants engaged in a deliberate, ongoing campaign against Plaintiff in collection of an outstanding debt related to the drafting of Thompson's personal income tax return. Despite Defendants' knowledge that Thompson was represented by counsel, having repeatedly spoken with Plaintiff's counsel with regard to the subject consumer debt and having been requested to only communicate with Plaintiff through counsel, Defendants continued to contact Thompson directly in an effort to collect this consumer debt. Despite pleas to the contrary, Defendant Lowell, on behalf of Treadstone, came directly to the Plaintiff's place of employment in an effort to collect on this debt, subjecting Plaintiff to extreme personal and professional embarrassment and emotional distress. Thompson has suffered actual damages from these deliberate violations, and now seeks relief from this Court for redress of these violations of the FDCPA.

## Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 & 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred in this district.

## Parties

3. Plaintiff, Kevin Thompson, is a natural person residing in the City, County and State of New York. Plaintiff is a "consumer" as that term is defined in Section 1692(a)(3) of the FDCPA in that the alleged debt that the Defendants sought to collect from him is a consumer debt.

4. Defendant Treadstone is a New York Corporation located at 428 E. 85th Street, New York, New York 10028.

5. The principal business of defendant Treadstone is the collection of debts using the mails, telephone and other methods. Defendant Treadstone regularly attempts to collect debts alleged to be due another and its Website boasts that Treadstone is "The 'In Your Face' Guys." Defendant Treadstone is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA because, upon information and belief, Treadstone is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

6. Defendant Lowell is a natural person employed by Treadstone at all times relevant to this complaint. Lowell is a "debt collector" as defined as that term is defined in Section 1692(a)(6) of the FDCPA because, upon information and belief, Lowell is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

7. Defendant Hauser is a natural person and the chief executive officer of Treadstone. Hauser is a "debt collector" as that term is defined in Section 1692(a)(6) of the FDCPA because, upon information and belief, Hauser is regularly engaged, for profit, to collect or attempt to collect debts owed or due or asserted to be owed or due another.

8. Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants. Any reference

hereinafter to "Defendant" or "Defendants" or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## Factual Allegations

9. Thompson engaged the law firm of Mansfield & Serpe, PLLC ("M&S") as his legal counsel for the purpose of filing for Chapter 7 individual bankruptcy on or about early 2007.

10. Notification letters regarding the representation and M&S's representation of Plaintiff were sent to all of Mr. Thompson's creditors, including Treadwell.

11. This action arises out of Defendants' efforts to collect consumer debt incurred by Plaintiff arising out of Mr. Jeffery Wolfe, CPA's ("Wolfe") fees charged to prepare Plaintiff's personal income tax returns (the "Consumer Debt"). The Consumer Debt was incurred for personal, family or household services.

12. Defendants were advised both in written and by oral communications with M&S that the law firm was representing Thompson in connection with the debt owed to Wolfe, and that Defendants should no longer contact Thompson with respect of that debt.

13. Despite having actual knowledge that Thompson was represented by counsel in connection with the Consumer Debt, Defendants contacted Plaintiff on multiple occasions seeking to collect the debt owed to Wolfe (each in violation of FSCPA §805(2))during July 2007, without the consent of his legal counsel.

14. Thereafter, on or about July 17, 2007, after several previous communications initiated by Lowell over the prior weeks without the consent of Thompson's legal counsel, Lowell on behalf of Treadstone told the Plaintiff that he would be "comfortable with showing up at [Thompson's] place of work ... to collect the [debt] in cash."

15. Thompson immediately stated that Lowell should not attempt to contact him at his place of employment, but Lowell nevertheless repeated his threat to do, stating that "I have no intention of not getting paid here."

16. Thompson reiterated the fact that he had retained legal counsel with respect to the instant debt and that he was in the process of filing for bankruptcy. Notwithstanding the repeated representations that he had retained counsel and was filing for bankruptcy, Lowell told Thompson that he simply did not believe that this was true, even though Lowell had already communicated with Thompson's attorney regarding the subject debt.

17. Lowell then became belligerent, repeating his threat to contact Thompson at his place of employment the following day, which Plaintiff again pleaded that he not do, and the Plaintiff then hung up the phone.

18. Lowell immediately called Thompson back, repeatedly yelling "Don't push me, Mr. Thompson." Thompson then stated explicitly that he felt he was being harassed and that he would inform his lawyer of Lowell's conduct.

19. Lowell continued to threaten Thompson with an attempt to contact him at his place of employment the following day, as well as with unspecified court actions to recover the debt owed, and then he hung up.

20. The following day, July 18, 2007, Lowell did indeed contact Thompson at work, at first by telephone, at which time Thompson stated that he had been informed by his legal counsel that it was not appropriate (and, in fact, that it was illegal) for the Defendants to be harassing him at work with regard to the subject debt.

21. Lowell stated that Thompson would "deal with me nicely or not," and then repeated his belief that Thompson was lying about being in the process of filing for bankruptcy.

22. Thompson attempted to end the conversation, but Lowell insisted that what he was doing was indeed legal, and that he "would be speaking with [ Thompson] again tomorrow," at which time Mr. Thompson hung up.

23. On or around the afternoon of July 18, 2007, while Plaintiff was on the sales floor with colleagues at his place of employment, a high-end retail clothier, Lowell emerged from an elevator and proceeded to attempt to collect the instant debt.

24. Lowell approached Thompson and a second sales associate and asked to speak with Mr. Thompson. Plaintiff responded that he was Thompson, as which point Lowell asked Plaintiff to step to the side and reached to pull something out of his pocket.

25. Lowell told the Plaintiff that he was there representing defendant Treadstone. Plaintiff was confused as to who or what Treadstone was, and told Lowell the same.

26. Defendant Lowell then told Thompson that he was collecting a debt on behalf of Wolfe, and that he was intending to collect monies owed to Wolfe in respect of the personal tax preparation services.

27. The Defendant told Thompson "Let's resolve this thing right now."

28. The Plaintiff was shocked and incredibly embarrassed by the fact that Lowell was making a debt collection call upon him at his place of employment. Plaintiff told Lowell to wait on the sales floor for a moment so that he could excuse himself to call his attorney.

29. Plaintiff then went to call his legal counsel and, upon his return to the sales floor, Lowell had fled the scene.

30. Thompson subsequently received a letter from Treadstone regarding this same debt, dated August 14, 2007, titled "Formal Demand," stating:

"We believe it only fair that we advise our client that all reasonable measures have been taken to resolve this matter and that you have been totally uncooperative. Therefore, before recommending that additional steps be taken, we are making formal demand for payment in full. Contact our office immediately! Should we not hear from you we will proceed accordingly. You will be sued for the full amount of money plus accrued interest, and we will report this debt to the credit bureaus with which we share information."

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

VIOLATION OF 15 U.S.C. § 1692 *et seq.* of the
FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

32. Defendants violated 15 U.S.C. Section 1692 *et seq.*, including but not limited to the violations mentioned below:

33. Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse a person in connection with the collection of a debt.

34. Defendants violated 15 U.S.C. 1692d(2) by using profane and abusive language.

35. Defendants violated 15 U.S.C. 1692e and 15 U.S.C. 1692 e(10) by using false, deceptive, and misleading representations and/or means in connection with the collection of a debt.

36. Defendants violated 15 USC 1692e (5) by threatening to take action that Defendant did not intend to take.

37. Defendants violated 15 USC 1692e (11) by failing to state that Defendant was a debt collector during numerous telephone calls with the Plaintiff.

38. Defendants violated <u>15 USC 1692b</u> (1) by failing to identify themselves while communicating with third parties about a consumer debt.

39. Defendant violated <u>15 USC 1692b</u> (2) by informing a third party that a consumer owed a debt.

40. Defendant violated <u>15 USC 1692</u> f by engaging in unfair and unconscionable means in an attempt to collect a debt.

41. Defendant violated <u>15 USC 1692</u> g by failing to send to debtor any of the notices required under said section.

### SECOND CAUSE OF ACTION

### NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESSNESS AS AGAINST ALL DEFENDANTS

42. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

43. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

44. Defendants' actions and omissions as described herein constitute gross negligence in that Defendants owed Plaintiffs a duty, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs. Defendants' actions were willful, malicious, and reckless. Defendants' actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

45. Defendants' actions and omissions as described herein constitute recklessness in that Defendants owed Plaintiffs a duty, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendants' actions were willful, malicious, and reckless. Defendants' actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

46. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

### THIRD CAUSE OF ACTION

**NEGLIGENCE, GROSS NEGLIGENCE, AND RECKLESSNESS AS TO DEFENDANT JERRY HAUSER**

47. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

48. Defendant Hauser was negligent in the hiring, training, and/or supervision of the employees of Treadstone. Defendant Hauser's actions and omissions constitute negligence in that Defendant Hauser owed Plaintiff a duty, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

49. Defendant Hauser's actions and omissions as described herein constitute gross negligence in that Defendant Treadstone owed Plaintiff a duty, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and defendant Treadstone's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendant Hauser were willful, malicious, reckless and demonstrate an extreme departure from ordinary care.

50. Defendant Hauser's actions and omissions as described herein constitute recklessness in that Defendant Hauser owed Plaintiff a duty, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and defendant Hauser's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs. The actions of Defendant Hauser were willful, malicious, and reckless. The actions of Defendant Hauser were highly unreasonable and demonstrate an extreme departure from ordinary care.

51. Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AS AGAINST ALL DEFENDANTS

52. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

53. Defendants' actions as complained of herein constitute "extreme and outrageous conduct." Defendants' abuse of the Plaintiff, including but not limited to Defendants' repeated threats and harassment of Plaintiff by phone and in person at Plaintiff's place of employment in an effort to collect a consumer debt clearly constitutes extreme and outrageous conduct.

54. Defendants' actions as complained of herein were clearly intended to cause the Plaintiffs severe emotional distress.

55. Defendants' actions as complained of herein did indeed cause the Plaintiffs severe emotional distress.

56. Defendants' actions as complained of herein were the direct cause of Plaintiffs' severe emotional distress.

57. Defendants' actions as complained of herein constitute the tort of intentional infliction of emotional distress. Defendants' actions were willful and malicious.

58. Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendants' as described herein.

### FIFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS AGAINST ALL DEFENDANTS

59. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

60. The actions and omissions of Defendant Hauser as described herein constitute negligent infliction of emotional distress in that Defendants owed Plaintiffs a duty in the hiring, training, and/or supervision of the employees of Treadstone, said duty was breached, and said breach was the proximate cause of emotional distress suffered by Plaintiff.

61. Defendants' actions as complained of herein constitute "extreme and outrageous conduct."

62. Defendants' actions as complained of herein negligently caused the Plaintiff to suffer severe emotional distress.

63. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants' as described herein.

### SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS AGAINST JAMES R. HAUSER

64. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

65. Defendants' actions and omissions as described herein constitute negligent infliction of emotional distress in that Defendants owed Plaintiffs a duty, said duty was breached, and said breach was the proximate cause of emotional distress suffered by Plaintiffs.

66. Defendants' actions as complained of herein negligently caused the Plaintiff severe emotional distress.

67. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

<u>SEVENTH CAUSE OF ACTION</u>

INTRUSION UPON SECLUSION<br>AS AGAINST ALL DEFENDANTS

68. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

69. Defendants intentionally intruded upon the solitude and/or seclusion of the Plaintiffs in a manner that was highly offensive.

70. Defendants' intentional intrusion upon Plaintiff at his place of employment was highly offensive.

71. Defendants' intrusions upon Plaintiffs' seclusion caused the Plaintiffs damages.

72. Defendants' intrusion upon Plaintiffs' seclusion was the proximate cause of the damages suffered by Plaintiffs.

73. Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## DAMAGES

74. Because of the acts and omissions of Defendants as herein described, Plaintiff has suffered financial loss, mental anxiety, emotional suffering, physical pain, worry, loss of appetite, humiliation, sleeplessness, mental distress, physical distress and pre-litigation costs. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

75. As a result of the willful and malicious nature of Defendants' actions and as a result of their extreme and wanton disregard for Plaintiff's rights; Plaintiff is entitled to punitive damages from Defendants.

76. As a result of the foregoing violations, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the **FDCPA**; a declaratory judgment that Defendants' actions constitute negligence; a declaratory judgment that the Defendants' action constitute gross negligence; a declaratory judgment that the Defendants'; injunctive relief prohibiting any further violations of Plaintiff's rights under any state or federal law plaintiff rights; general damages regarding the claims for negligence; actual damages regarding the claims for negligence; nominal damages regarding the claims for negligence; special damages regarding the claims for negligence; punitive damages regarding the claims for negligence; general damages regarding the claims for gross negligence; actual damages regarding the claims for gross negligence; nominal damages regarding the claims for gross

negligence; special damages regarding the claims for gross negligence; punitive damages regarding the claims for gross negligence; general damages regarding the claims for recklessness; actual damages regarding the claims for recklessness; nominal damages regarding the claims for recklessness; special damages regarding the claims for recklessness; punitive damages regarding the claims for recklessness; general damages regarding the claims for Intentional Infliction of Emotional Distress; actual damages regarding the claims for Intentional Infliction of Emotional Distress; nominal damages regarding the claims for Intentional Infliction of Emotional Distress; special damages regarding the claims for Intentional Infliction of Emotional Distress; punitive damages regarding the claims for Intentional Infliction of Emotional Distress; general damages regarding the claims for Negligent Infliction of Emotional Distress; actual damages regarding the claims for Negligent Infliction of Emotional Distress; nominal damages regarding the claims for Negligent Infliction of Emotional Distress; special damages regarding the claims for Negligent Infliction of Emotional Distress; punitive damages regarding the claims for Negligent Infliction of Emotional Distress; general damages regarding the claims for Intrusion upon Seclusion; actual damages regarding the claims for Intrusion upon Seclusion; nominal damages regarding the claims for Intrusion upon Seclusion; special damages regarding the claims for Intrusion upon Seclusion; punitive damages regarding the claims for Intrusion upon Seclusion; actual damages regarding the claims under the **FDCPA**; statutory damages under the **FDCPA**; and costs and attorney's fees under the **FDCPA**.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants, for the following:

1. Declaratory judgment that Defendants' conduct violated the **FDCPA**;
2. Declaratory judgment that Defendants' actions constitute negligence;

3. Declaratory judgment that Defendants' actions constitute gross negligence;

4. Declaratory judgment that Defendants' actions constitute recklessness;

5. Declaratory judgment that Defendants' actions constitute intentional infliction of emotional distress;

6. Declaratory judgment that Defendants' actions constitute negligent infliction of emotional distress;

7. A permanent injunction prohibiting future violations of any of Plaintiff's rights under federal or state law;

8. Actual damages pursuant to the **FDCPA**;

9. Statutory damages pursuant to the **FDCPA**;

10. Costs and reasonable attorney's fees pursuant to the **FDCPA**;

11. General damages regarding the claim for negligence;

12. Special damages regarding the claim for negligence;

13. Actual damages regarding the claims for negligence.

14. Nominal damages regarding the claim for negligence;

15. Punitive damages regarding the claim for negligence;

16. General damages regarding the claim for gross negligence.

17. Special damages regarding the claim for gross negligence;

18. Actual damages regarding the claims for gross negligence;

19. Nominal damages regarding the claim for gross negligence;

20. Punitive damages regarding the claim for gross negligence;

21. General damages regarding the claim for recklessness;

22. Special damages regarding the claim for recklessness;

23. Actual damages regarding the claims for recklessness;

24. Nominal damages regarding the claim for recklessness;

25. Punitive damages regarding the claim for recklessness;

26. General damages regarding the claim for Intentional Infliction of Emotional Distress;

27. Special damages regarding the claim for Intentional Infliction of Emotional Distress.

28. Actual damages regarding the claims for Intentional Infliction of Emotional Distress;

29. Nominal damages regarding the claim for Intentional Infliction of Emotional Distress;

30. Punitive damages regarding the claim for Intentional Infliction of Emotional Distress;

31. General damages regarding the claim for Negligent Infliction of Emotional Distress;

32. Special damages regarding the claim for Negligent Infliction of Emotional Distress.

33. Actual damages regarding the claims for Negligent Infliction of Emotional Distress;

34. Nominal damages regarding the claim for Negligent Infliction of Emotional Distress;

35. Punitive damages regarding the claim for Negligent Infliction of Emotional Distress;

36. General damages regarding the claim for Intrusion upon Seclusion;

37. Special damages regarding the claim for Intrusion upon Seclusion;

38. Actual damages regarding the claims for Intrusion upon Seclusion;

39. Nominal damages regarding the claim for Intrusion upon Seclusion;

40. Punitive damages regarding the claim for Intrusion upon Seclusion;

41. For such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Please take notice that the Plaintiff demands trial by jury in this action.

Dated: New York, New York
       January 14, 2008